**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THE ESTATE OF THOMAS KIRBY and
BRENDA KIRBY,

      Plaintiffs,

v.                                                  Case No. 05-CV-71884-DT

DEPUTY DUVA, DEPUTY CARRIER,
SERGEANT BUCKLEY, LIEUTENANT
MUXLOW, and COUNTY OF ST. CLAIR,

      Defendants.

                                             /

**ORDER DENYING PLAINTIFFS' MOTION TO AMEND**

      Pending before the court is Plaintiffs' "Ex-Parte Motion to Amend Complaint . . .," filed on May 12, 2006. A response was filed on June 7, 2006, and the court heard argument on the motion during a June 14, 2006 hearing. For the reasons stated below, the court will deny Plaintiffs' motion.

**I. STANDARD**

      The decision whether to grant leave to amend the pleadings is governed by Federal Rule of Civil Procedure 15. Rule 15 provides that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are undue 'delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and

futility of amendment.'" *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

Federal Rule of Civil Procedure 16(b) requires the court to prepare a scheduling order, which can be modified only upon a showing of good cause. Additionally, "a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) (citing Fed. R. Civ. P. 16, 1983 advisory committee's notes; *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)). Before modifying the scheduling order the court should also consider whether the opposing party will suffer prejudice by virtue of the amendment. *Id.* Rule 16 should not be used to circumvent the requirements of Rule 15. *See generally Leary,* 349 F.3d 906-909. Thus, Plaintiff must satisfy the requirements of both Rule 15 and Rule 16.

## II. DISCUSSION

Plaintiffs initiated this action on May 12, 2005, asserting damages relating to a felony traffic stop which resulted in the death of Plaintiffs' decedent, Thomas Kirby. An answer was filed on June 21, 2005, and on September 12, 2005, the court conducted a scheduling conference pursuant to Federal Rule of Civil Procedure 16. Following the conference, the court issued a scheduling order establishing, among other things, a discovery deadline of March 17, 2006, and a deadline to amend pleadings of January 17, 2006. (9/12/06 Order at 1.) On December 29, 2005, without obtaining leave of

court or written consent[1] from Defendants, see Fed. R. Civ. P. 15(a), Plaintiffs filed a "First Amended Complaint."[2] Nonetheless, Defendants apparently had no objection to the amended complaint, inasmuch as they filed an answer to the amended complaint, without any motion to strike, on January 27, 2006.

Plaintiffs' "First Amended Complaint" comprises seven counts: (1) Count 1: Constitutional Deprivation under 42 U.S.C. § 1983, asserting that the Defendant deputies (Deputy Damon Duva, Deputy Jason Carrier, Sergeant Thomas Buckley and Lieutenant Muxlow) violated Mr. Kirby's constitutional rights by using excessive force in violation of the Fourth Amendment during the course of Mr. Kirby's arrest, resulting in his death; (2) Count II: "Violation of Ministerial Duties," asserting that the Defendant deputies breached their alleged duties of care in their actions against Mr. Kirby; (3) Count III: "Intentional Infliction of Emotional Distress," asserted against the Defendant deputies; (4) Count IV: "Constitutional Deprivation" under 42 U.S.C. § 1983, alleging that Defendant County of St. Clair is municipally liable for the Defendant deputies' alleged constitutional violations; (5) Count V: "Negligent Infliction of Emotional Distress," brought by Plaintiff Brenda Kirby for her husband's death; (6) Count VI: "Gross Negligence," asserted against the Defendant deputies; and (7) Count VII: "Civil Conspiracy to Violate Plaintiff's Civil Rights," asserted against the Defendant deputies.

---

[1] No indication of written consent appears on the court's docket. It is possible, the court recognizes, that Plaintiffs obtained consent but did not file a document memorializing the consent.

[2] The original complaint listed five Plaintiffs, but the amended complaint lists only two: the Estate of Thomas Kirby and Brenda Kirby.

The case proceeded through discovery, with only one court-approved extension to the September 12, 2006 scheduling order. Specifically, following a telephone conference with the parties, the court extended the discovery deadline to March 26, 2006.[3] (*See* 3/9/06 "Minute Entry".) The court specifically noted "ALL OTHER DATES TO REMAIN UNCHANGED." (*Id.*)

On April 17, 2006, after the close of discovery, Defendants filed a motion for summary judgment as to all aspects of Plaintiffs' amended complaint. One month later, on the same day they filed their response to the summary judgment order, Plaintiffs filed the instant motion to amend. (5/12/06 "Motion to Amend".) Plaintiffs seek to amend their complaint to add an additional defendant, Lieutenant Michael Bloomfield, and an additional count of assault and battery. Although they do not specifically so state, it also appears that Plaintiffs seek to dismiss Defendant Muxlow from this action, dismiss Plaintiffs' current Count II for violation of "Ministerial Duties," and dismiss Plaintiffs' current Count V for "Negligent Infliction of Emotional Distress."[4]

Having reviewed the briefing in this matter, the court finds that Plaintiffs have failed to meet their burden persuading the court that the requirements of Rule 15 or Rule 16 have been met. First, Plaintiffs' seven-paragraph motion fails persuade the

---

[3]Defendants state in their response that discovery closed in this matter on May 27, 2006. (Defs.' Resp. at 1.) There is no indication on the docket, however, that discovery was extended either informally by agreement of the parties or formally by court order.

[4]The court notes that in a separate order the court has granted Defendants summary judgment as to Defendant Muxlow, and as to Counts II and V of Plaintiffs' "First Amended Complaint." Thus, any amendment to dismiss these allegations, which has already essentially been accomplished on summary judgment, is futile.

4

court that "good cause" exists to allow an amendment to the court's scheduling order under Federal Rule of Civil Procedure 16(a). Plaintiffs' motion to amend comes almost four months after the deadline to amend pleadings, two months after the discovery deadline, and one month after the dispositive motion deadline. Plaintiffs have not persuaded the court that they could not have reasonably met the court's scheduling deadlines if they had exercised diligence in the prosecution of this action. *See Leary*, 349 F.3d at 906.

Second, even if good cause existed to amend the court's scheduling order, the court is not persuaded that justice requires an amendment under Federal Rule of Civil Procedure 15. With respect to the addition of Lt. Bloomfield, Plaintiffs state that "[t]he discovery in this matter demonstrates that Lt. Bloomfield was in charge of the investigation, and Plaintiffs mistakenly believed that Lt. Muxlow was in charge of the investigation of the shooting death of Mr. Thomas Kirby." (Pls.' Mot. at ¶ 3.) This case has already been pending for over a year, and the court finds that allowing Plaintiffs to add Lt. Bloomfield as a defendant would necessarily delay this case to provide time for, if nothing else, time to serve Lt. Bloomfield and time to file an answer. Moreover, the court is not persuaded that Plaintiffs exercised diligence in amending the complaint once their allegedly good faith basis to add Lt. Bloomfield arose. Indeed, as Defendants point out, Lt. Bloomfield was deposed more than two months prior to the filing of the motion to amend, and Plaintiffs first had notice of Lt. Bloomfield's involvement in the incidents giving rise to this action as early as October of 2005. (Defs.' Exs. 2 & 3.) Finally, the court also finds that allowing Plaintiffs to add Lt. Bloomfield as a defendant

would be futile, inasmuch as his involvement in this matter is limited to the post-incident investigation. Lt. Bloomfield, therefore, could only be implicated under Plaintiffs Count VII for "Civil Conspiracy." As discussed in separate, order, the court has granted summary judgment to Defendants on this claim, finding insufficient evidence to sustain a cause of action under this theory. Accordingly, Plaintiffs' proposed amendment would be futile. *See General Elec. Co.*, 916 F.2d at 1130.

Finally, Plaintiffs have not met their burden under Federal Rule of Civil Procedure 15 to justify an amendment to their complaint to add an assault and battery claim. Plaintiffs present no argument to explain their failure to bring such a claim earlier, when they assuredly had a good faith basis to bring the claim as early as the filing of the initial complaint, let alone the "First Amended Complaint." Plaintiffs' "repeated failure to cure [this] deficienc[y] by previous amendment[]", *see id.*, cannot provide an excuse to allow an amendment at this late date, after the close of discovery and the filing of Defendants' motion for summary judgment.[5] Accordingly, the court will deny Plaintiffs' motion to amend in its entirety.

---

[5]This is especially true because, as discussed at the June 14, 2006 hearing, joining a state law claim of assault and battery with a federal excessive force cause of action under the Fourth Amendment and 42 U.S.C. § 1983 raises the potential for jury confusion and a concomitant need for issue differentiation. *See Sudul v. City of Hamtramck,* 562 N.W.2d 478, 480 (Mich. Ct. App. 1997) (finding that the trial court erred in merging the definition of assault and battery with the definition of excessive force, where the two inquiries are distinct and assault and battery requires a finding of intent). Further, at oral argument Plaintiffs' counsel could not identify anything to be gained, including access to relief not available under the excessive force allegation, by adding a state law claim at this late date.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiffs' May 12, 2006, "Ex-Parte Motion to Amend Complaint . . ." [Dkt. # 32] is DENIED.


    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  June 20, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 20, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\05-71884.KIRBY.AmendComplaint.2.wpd